IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENGFANG HUANG, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Case No. 3:25-cv-423 |
| WARDEN, *Moshannon Valley Processing Center*, and IMMIGRATION AND CUSTOMS ENFORCEMENT, ) ) ) | Judge Stephanie L. Haines |
| ) | |
| Respondents. ) | |

### **MEMORANDUM ORDER**

Now pending before the Court is Petitioner Tengfang Huang's ("Mr. Huang") Habeas Petition. (ECF No. 1). Upon consideration of the entire record in this case, and for the following reasons, Mr. Huang's Petition is GRANTED insofar as the Court finds that he is detained pursuant to 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing within seven (7) days. The Petition at ECF No. 1 is DENIED in all other respects.[1]

The first issue before the Court is whether to deny Mr. Huang's Petition because, according to Respondents, he did not exhaust his administrative remedies before coming to this Court. (ECF No. 22 at 9–12). This Court has previously explained that exhaustion is unnecessary in the context of a petition under § 2241 when, for example, "the issue presented is one that consists purely of statutory construction." *Del Cid v. Bondi*, No. 3:25-CV-304, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025) (internal quotation marks and citations omitted). Here, the primary issue before the Court is whether Mr. Huang is detained under 8 U.S.C. § 1225(b)(2) or § 1226(a), which is purely

---

[1] Because the Court has previously written on many of the legal issues implicated by Mr. Huang's Petition, and because the Court writes primarily for the parties, the Court offers neither extensive background information regarding Mr. Huang's case nor detailed articulations of its holdings.

a matter of statutory construction. Therefore, the Court finds that exhaustion of administrative remedies is excused in this case.

The second issue before the Court is whether Mr. Huang is detained pursuant to § 1225(b)(2) or § 1226(a). For reasons that the Court has previously articulated, the Court holds that § 1226(a) governs Mr. Huang's detention, and he is therefore entitled to a bond hearing in accordance with that provision of law within (7) days. *Calzado Diaz v. Noem*, No. 3:25-CV-458, 2025 WL 3628480, at *7 (W.D. Pa. Dec. 15, 2025) (finding that "§ 1225 is tethered more closely to the border and § 1226 applies more readily to the interior of the country"); *Moradel v. Noem*, No. 3:25-CV-327, 2025 WL 3718729, at *2 (W.D. Pa. Dec. 23, 2025) (rearticulating the conclusion from *Calzado Diaz*). The Court's decision that its holding from *Calzado Diaz* applies to Mr. Huang is bolstered by the fact that, in attempting to avoid the operation of *Calzado Diaz* in this matter, Respondents largely offer the Court recycled arguments that this Court has previously rejected. (ECF No. 22).

The final issue before the Court is whether Mr. Huang is entitled to any further relief. One of the primary arguments that Mr. Huang makes in his Petition is that he is not being afforded adequate medical care. However, Respondents have provided the Court with strong indications to the contrary, (ECF Nos. 22 and 25), and the Court finds that Mr. Huang has failed to show that he is entitled to relief on this score. *Ledford v. Greene*, No. 1:25-CV-1686, 2025 WL 3182060, at *1–2, n.2 (M.D. Pa. Oct. 23, 2025). Indeed, other than Mr. Huang's contention that he is detained under § 1226(a) rather than § 1225(b)(2) and therefore entitled to a bond hearing, the Court finds all of Mr. Huang's claims unavailing.

Accordingly, the Court enters the following Order:

**ORDER OF COURT:**

AND NOW, this 8th day of January 2026, upon due consideration of Petitioner Tengfang Huang's ("Petitioner") Petition for Writ of Habeas Corpus at ECF No. 1, IT IS HEREBY ORDERED that the Petition is GRANTED IN PART, for the reasons set forth in the accompanying Memorandum Order.

Specifically, IT IS HEREBY ORDERED that Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law within seven (7) days of the date of this Order. On or before January 15, 2026, Respondents shall provide a notice to this Court confirming that they afforded Petitioner a bond hearing and apprising the Court of the outcome of that hearing.

IT IS FURTHER ORDERED that Petitioner's Habeas Petition at ECF No. 1 is DENIED in all other respects for the reasons set forth in the accompanying Memorandum Order. The Clerk shall terminate the filings at ECF Nos. 15, 27, and 28 as moot and mark this matter closed.

BY THE COURT:

/STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

**Notice by U.S. Mail to:**
Petitioner at his address of record